IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA MILLER, | ) | CASE NO. 1:11 CV 2131 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Yolanda Miller, for disability insurance benefits. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Miller had severe impairments consisting of status post laceration/amputation of the distal phalanx of the thumb and first digit.[1] The ALJ made the following finding regarding Miller's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured of September 30, 2007, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she must perform no more than occasional handling and fingering with the left non-dominant hand.[2]

---

[1] Transcript ("Tr.") at 12.

[2] *Id.* at 14.

Given that residual functional capacity, the ALJ found Miller not capable of performing her past relevant work.[3]

Based on an answer to a hypothetical question posed to the vocational expert ("VE") at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Miller could perform.[4] The ALJ, therefore, found Miller not under a disability.[5]

Miller asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Miller argues that the residual functional capacity finding should have included limitations for Miller's mental impairments.

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

This case revisits the issue I decided in *Pechatsko v. Commissioner of Social Security*[6] – whether a hypothetical posed to a VE by an ALJ, and the answer thereto, which the ALJ

---

[3] *Id.* at 16.

[4] *Id.* at 17.

[5] *Id.* at 18.

[6] *Pechatsko v. Comm'r of Soc. Sec.*, 369 F. Supp. 2d 909, 912 (N.D. Ohio 2004).

did not rely on in deciding the case, can provide a basis for affirming the ALJ's no disability decision.

Here, the plaintiff, Yolanda Miller, had a work-related accident in which she lost part of her thumb and forefinger on her non-dominant left hand. In addition to the limitations that this amputation imposed upon the use of her left hand, she also claimed mental impairments caused by her perception of the disfigurement.

The transcript contains records of her treating psychologist, Marian Chatterjee, Ph.D.;[7] two evaluations from a consulting psychologist, Walter Belay, Ph.D.;[8] the evaluation of a consulting psychiatrist, M. Rizk, M.D.;[9] and the evaluation of the state agency reviewing psychologist, Karl Voyten, Ph.D.[10] Drs. Rizk and Voyten concluded that Miller had no limitations caused by mental impairments.[11] Dr. Belay found that Miller suffered from an adjustment disorder with mixed anxiety and depressed mood, that she was improving, but that she was not ready to return to her former position of employment.[12] His reports were done in the context of a claim for state workers compensation benefits.[13] Dr. Chatterjee also

---

[7] Tr. at 187-223, 230-32.

[8] *Id.* at 167-84.

[9] *Id.* at 224-29.

[10] *Id.* at 255-66.

[11] *Id.* at 229 (Rizk), 254 (Voyten).

[12] *Id.* at 173, 184.

[13] *Id.*

-3-

diagnosed an adjustment disorder with mixed anxiety and depressed mood, noted some improvement, but did not opine as to work-related limitations.[14]

The ALJ found only physical impairments at step two.[15] At step four, he made an RFC finding that did not include any mental limitations.[16]

The ALJ assigned persuasive weight to the opinion of Dr. Voyten that Miller's mental impairments would impose no work-related limitations.[17] He gave the opinion of Dr. Belay little weight.[18] Although he discusses the treatment and observations of Dr. Chatterjee, no weight is assigned.[19] The ALJ makes no mention of the opinion of Dr. Rizk.

The ALJ found Miller not capable of her past relevant work.[20] He posed a hypothetical to the VE containing only the exertional limitations incorporated into the RFC finding.[21] The ALJ identified three jobs that Miller could perform, each of which had sufficient numbers nationally and locally.[22] He then modified the hypothetical to add mental limitations –

---

[14] *Id.* at 187-223, 230-32.

[15] *Id.* at 12.

[16] *Id.* at 14.

[17] *Id.* at 13.

[18] *Id.*

[19] *Id.* at 12-13.

[20] *Id.* at 16.

[21] *Id.* at 38.

[22] *Id.* at 38-39.

simple, routine, repetitive tasks with no more than superficial interaction with the public or coworkers, and no more than occasional changes in routine work setting.[23] In response to that hypothetical, the VE stated that only the mail room clerk job was appropriate.[24]

Substantial evidence would support the mental limitations incorporated into the second hypothetical.[25] The response of the VE under the second hypothetical, which the ALJ did not incorporate into his decision, would be sufficient to carry the burden at step five under the Sixth Circuit's decision in *Hall v. Bowen*.[26] Counsel for Miller argues, nevertheless, that I should not decide this case on that basis because of the ALJ's failure to properly recognize a severe mental limitation at step two and the failure of the ALJ at step four to assign any weight to Dr. Chatterjee's evaluation.

As to the first argument, this is really a step four question given the decision of the Sixth Circuit in *Maziarz v. Secretary of Health and Human Services*[27] that the failure to recognize an impairment at step two is not fatal if any limitations caused thereby are properly considered at step four.

The Commissioner takes the position that substantial evidence supports the decision of the ALJ not to incorporate any limitations into the RFC finding of her mental impairments.

---

[23] *Id.* at 39.

[24] *Id.*

[25] ECF # 22 at 5 (transcript of the oral argument of Nov. 14, 2012).

[26] *Hall v. Bowen*, 837 F.2d 272 (6th Cir. 1988). ECF # 22 at 4.

[27] *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240 (6th Cir. 1987).

In doing so, he relies heavily on the opinions of Drs. Voyten and Rizk and the ALJ's evaluation of Dr. Belay's opinion as not entitled to as much weight because it was generated in the analytical framework of a state workers compensation claim. In sum, the Commissioner maintains that the ALJ at step five properly relied on the VE's answer to the first hypothetical, which did not include any mental limitations. The Commissioner agrees, however, that the second hypothetical is a sufficient alternative basis in support of the ultimate no disability decision.[28]

As for the second argument, the ALJ did not assign any weight to Dr. Chatterjee's evaluation even though she was a treating source. But that evaluation did not contain any meaningful RFC opinion. As such, according to the Sixth Circuit's recent decision in *Stroud v. Commissioner of Social Security*,[29] her observations in the treatment notes were not entitled to controlling weight because they offered no opinion regarding limitations caused by an impairment.[30]

Nevertheless, Dr. Chatterjee's treatment notes, which extend over a period of several years, do document Miller's mental impairment caused by the disfigurement of her hand after the amputation of the thumb and first digit, including her reluctance to interact with others. As her treating psychologist with a longitudinal view of Miller's condition, Dr. Chatterjee's

---

[28] ECF # 22 at 11.

[29] *Stroud v. Comm'r of Soc. Sec.*, No. 11-2471, 2012 WL 5439987 (6th Cir. Nov. 8, 2012).

[30] *Id.* at *2.

observations are entitled to some weight absent the ALJ's explanation to the contrary.[31] Those observations provide substantial evidence in support of the mental limitations incorporated in the second hypothetical to the VE.

In *Pechatsko*, I affirmed a no disability decision in which I expressly found that the ALJ's RFC finding did not have the support of substantial evidence, but the record nevertheless contained substantial evidence (as conceded by Pechatsko's counsel) in support of a different RFC propounded in an alternative hypothetical to a VE.[32] The VE's response to the second hypothetical identified a significant number of jobs existing locally and nationally that Pechatsko could perform.[33] I affirmed because the agency would have reached the same decision (no disability) even if the ALJ had adopted the RFC in the alternative hypothetical.[34]

Here there is perhaps a better argument to be made that the RFC in the ALJ's opinion has the support of substantial evidence. But giving Miller some benefit of the doubt, substantial evidence could support the greater limitations in the second hypothetical. As in *Pechatsko*, in light of the VE's answer to the second hypothetical, the agency would have issued a no disability decision.

---

[31] *See*, *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-53 (6th Cir. 2010).

[32] *Pechatsko*, 369 F. Supp. 2d at 910-11.

[33] *Id.* at 911.

[34] *Id.* at 915.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Miller had no disability. Accordingly, the decision of the Commissioner denying Miller disability insurance benefits is affirmed.

IT IS SO ORDERED.

Dated: March 26, 2013  s/ William H. Baughman, Jr.
United States Magistrate Judge